IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

LUFKIN DIVISION

| | | |
|---|---|---|
| CHARLIE RAY TAYLOR | § | |
| v. | § | CIVIL ACTION NO. 9:11cv28 |
| OLIVER BELL, ET AL. | § | |

MEMORANDUM ADOPTING REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE
AND DENYING PLAINTIFF'S MOTION TO ALTER OR AMEND THE JUDGMENT

The Plaintiff Charlie Taylor, proceeding *pro se*, filed this civil rights lawsuit under 42 U.S.C. §1983 complaining of alleged violations of his constitutional rights. This Court ordered that the matter be referred to the United States Magistrate Judge pursuant to 28 U.S.C. §636(b)(1) and (3) and the Amended Order for the Adoption of Local Rules for the Assignment of Duties to United States Magistrate Judges.

Taylor complained of denial of access to court, counsel, and legal materials through restrictions on the access to legal materials given to inmates in administrative segregation. He also complained of denial of the right to practice his religion because of "state officials" interfering with how meals are served during Ramadan. Taylor argued that he was in "imminent danger of serious physical injury" because of a 2007 disciplinary case which he said was still being used against him. He also said that he was in "imminent danger" because prison officials use force and confiscate his property when he is reduced in level within segregation, he is still housed in segregation, he cannot get legal materials and thus cannot access the courts, and he suffers "pain in his heart" because of seeing people refuse meals during Ramadan.

After review of the pleadings, the Magistrate Judge recommended that the lawsuit be dismissed. The Magistrate Judge noted that Taylor has an extensive history of filing frivolous

1

lawsuits and thus is barred from proceeding under the *in forma pauperis* statute; instead, he must pay the full filing fee or show that he is in imminent danger of serious physical injury. The Court accepted the Magistrate Judge's recommendation and dismissed the lawsuit on March 23, 2011.

Taylor subsequently filed a motion to alter or amend the judgment, arguing that he is in "imminent danger" because the defendants "have superseded the Supreme Court of the United States opinion directives for administrative segregation housed offenders by these defendants going over the judiciary due processes pursuant to Wolff v. McDonnell [citation omitted] and pursuant to Ruiz v. Estelle [citation omitted] this Court have put a pursuant to [sic] $350.00 filing fee over pursuant to [sic] Access to Court Rules of federal and state books, from the law library, only offenders in administrative segregation."

Taylor went on to refer to "Supreme Council 33 (bee hive) in Dallas," gunnery sergeant Carlos "White Feather" Hathcock, the Court of Yahweh coming to term perpetually on January 1, 2012, and a supposed incident in which the Magistrate Judge was "sitting in the cave on the Michael Unit of My House of the Temple October 28, 1992, latitude line of 1000 inches." He maintained, incorrectly, that the Supreme Court has required that disciplinary hearings be conducted by a committee of three persons, again says that he is being held in administrative segregation despite the fact that prison officials refuse to honor due process, and complains that his right to religious freedom is being violated.

On April 22, 2011, the Magistrate Judge issued a Report recommending that Taylor's motion to alter or amend the judgment be denied. The Magistrate Judge concluded that none of the allegations in Taylor's motion showed any basis for altering or amending the judgment, and none showed that he was in imminent danger of serious physical injury.

Taylor filed objections to the Magistrate Judge's Report on May 5 and September 14, 2011. In his May 5 objections, Taylor argues that he is in "imminent danger" because he is on "high profile" status, meaning that his cell is searched every day. He refers to a disciplinary case he received and says that he was going to be released from administrative segregation in February but

that his release was stopped by TDCJ-CID Director Rick Thaler.  He also asserts that disciplinary committees must be made up of three members and says that the committee must "reflect the ethnic races of the prison population," including a requirement that if the prisoner is African-American, one of the officers must be as well.  Taylor also raises other issues, but none of these show that he is in imminent danger of serious physical injury.  His September 14 objections present the same claims as in his earlier objections, and are equally meritless.

The Court has conducted a careful *de novo* review of the pleadings in this cause, the Report of the Magistrate Judge, and the Plaintiff's objections thereto.  Upon such *de novo* review, the Court has concluded that the Report of the Magistrate Judge is correct and that the Plaintiff's objections are without merit.  It is accordingly

ORDERED that the Plaintiff's objections are overruled and the Report of the Magistrate Judge (docket no. 11) is ADOPTED as the opinion of the District Court.  It is further

ORDERED that the Plaintiff's motion to alter or amend the judgment (docket no. 9) is hereby DENIED.  Finally, it is

ORDERED that any other motions which may be pending in this cause at this time are hereby DENIED.

So **ORDERED** and **SIGNED** this **23** day of **October, 2011.**

_____
Ron Clark, United States District Judge